# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Petitioner, | : | |
| v. | : | Civ. No. 3:06mc67 (MRK) |
| | : | Civ. No. 3:06mc68 (MRK) |
| GORDON CLARK, | : | |
| Respondent. | : | |

## RULING AND ORDER

On March 9, 2006, the United States filed two Petitions to Enforce Internal Revenue Service ("IRS") Summons [doc. # 1] along with a declaration of IRS Revenue Officer Tom Dobruck [06mc67, doc. # 1, 06mc67, doc. # 2] ("Dobruck Declaration"). According to the Petitions and the Dobruck Declaration, the IRS is conducting an investigation into the tax liability of the Respondent, Gordon Clark, for the years 1999-2001 and 2003-2004. In connection with this investigation, the IRS served a summons upon Mr. Clark on August 23, 2005; Mr. Clark failed to appear. Upon the filing of the Petitions, Magistrate Judge Joan G. Margolis issued an Order to Show Cause [06mc67, doc. # 2, 06mc67, doc. # 3]. A Show Cause Hearing was held on May 7, 2007, during which Mr. Clark made another oral Motion to Dismiss [06mc67, doc. # 26, 06mc67, doc. # 27].

On September 25, 2007, Magistrate Judge Margolis issued a ruling, *see* Ruling Denying Motion to Dismiss [doc. # 32], recommending that Mr. Clark's Motions to Dismiss be denied. She issued an Order of Enforcement and Judgment [doc. # 33], which required Mr. Clark to appear before Revenue Officer Dobruck at the Office of the Internal Revenue Service on October 30, 2007. Mr. Clark filed an objection to the Recommended Ruling [doc. # 35] and a flurry of other Motions. Only two of these Motions are still pending before the Court – Mr. Clark's Motion to Appear before

a Constitutional Article III Court [doc. # 40] and his Motion for Proper Constitutional Ruling by a Constitutional Article III Court and Article III Judge on All Previously Denied Motions and on All Future Motions and Rulings by Gordon A. Clark [doc. # 55]. Mr. Clark moved for an emergency stay of the Order of Enforcement and Judgment [doc. # 49] on October 30, 2007, which was granted. He then filed a second Objection to the Recommended Ruling [doc. # 56].

**I.**

Having carefully considered Respondent's Objections and having conducted the *de novo* review upon the record required by 28 U.S.C. § 636(b)(1), the Court hereby adopts the well-reasoned and thorough Recommended Ruling of the Magistrate Judge. Contrary to Mr. Clark's assertions, the Secretary of the Treasury and the IRS have authority to issue summonses. *See* 26 U.S.C. § 7602 (2000). The IRS has, in turn, has delegated that authority to Revenue Officer Dobruck. *See* 26 C.F.R. 301.7701-9 (2000); IRS Delegation Order No. 4 Rev. 22, 1997 WL 33479254 (Aug. 18, 1997). Also contrary to Mr. Clark's assertions, this Court has subject matter jurisdiction pursuant to 26 U.S.C. § 7604(a) (2000) and 26 U.S.C. § 7402(b) (2000) to enforce the summons. *See Church of Scientology v. United States*, 506 U.S. 9, 12 (1992).

Furthermore, the IRS has established a *prima facie* case for enforcement. In order to obtain enforcement of a summons, the IRS must demonstrate that "[(1)] the investigation will be conducted pursuant to a legitimate purpose, [(2)] that the inquiry may be relevant to the purpose, [(3)] that the information sought is not already within the Commissioner's possession, [and (4)] that the administrative steps required by the Code have been followed . . . ." *United States v. Powell*, 379 U.S. 48 (1964); *see also Adamowicz v. United States*, 531 F.3d 151, 156 (2d Cir. 2008). Magistrate Judge Margolis held (and this Court adopts the holding) that the IRS had satisfied all four *Powell*

elements. The IRS's "burden of proof of its compliance with the *Powell* standards is minimal," *United States v. White*, 853 F.2d 107, 111 (2d Cir. 1988), and the IRS may "establish its *prima facie* case by the affidavit of an agent involved in the investigation averring each *Powell* element." *Id.* Here, Revenue Officer Dobruck has attested to all four *Powell* elements.

Once the IRS has satisfied the *Powell* factors, the burden shifts to Respondent to the burden shifts to the taxpayer to "disprove one of the four *Powell* criteria, or to demonstrate that judicial enforcement would be an abuse of the court's process." *Adamowicz*, 531 F.3d at 156. The Court agrees with Magistrate Judge Margolis that Mr. Clark has not met his burden. Although Mr. Clark makes claims of constitutional deprivations, treason and generalized abuses of power, "mere conclusory allegations of wrongdoing unsupported by any evidence from which a court might draw an inference of abuse are insufficient to rebut the government's prima facie showing of a proper investigatory purpose . . . ." *Id.* at 160. The Court, therefore, adopts Magistrate Judge Margolis' recommended ruling and rejects Mr. Clark's Objections.

## II.

Mr. Clark's final argument is that complying with the summons would deprive him of his Fourth Amendment right to be free from unreasonable searches and seizures and his Fifth Amendment right against self-incrimination. The Court adopts Magistrate Judge Margolis' recommended ruling that enforcement of the IRS summons does not violate Mr. Clark's Fourth Amendment rights. Courts have repeatedly recognized that "enforcement of an IRS summons does not violate the fourth amendment as long as the IRS has complied with the *Powell* requirements." *United States v. Reis*, 765 F.2d 1094, 1096 (11th Cir. 1985); *see also Fisher v. United States*, 425 U.S. 391, 401 n.7 (1976) (stating that although taxpayers had not raised any Fourth Amendment

arguments, they "could not be successful if they had. The summonses are narrowly drawn and seek only documents of unquestionable relevance to the tax investigation"); *United States v. Abrahams*, 905 F.2d 1276, 1282 (9th Cir. 1990) ("[S]atisfaction of the Powell requirements serve[s] to ensure that the summons d[oes] not violate the fourth amendment by lacking sufficient cause."), *overruled on other grounds by United States v. Jose*, F.3d 1325, 1329 (9th Cir. 1997) (en banc); *United States v. Theep*, 502 F.2d 797, 798 (9th Cir. 1974) ("the unlawful search and seizure provisions of the Fourth Amendment do not protect the taxpayer from an IRS summons"); *United States v. Roundtree*, 420 F.2d 845, 847-50 (5th Cir. 1969); *United States v. Hopper*, No. 05-MC-172, 2005 WL 3277778, * 2 (E.D.N.Y. Oct. 29, 2005); *Muratore v. Department of Treasury*, 315 F. Supp. 2d 305, 311 (W.D.N.Y. 2004). Here, because the Court finds that the IRS has satisfied the *Powell* requirements, there is no Fourth Amendment violation.

Mr. Clark's invocation of the Fifth Amendment right against self-incrimination presents a more complex issue. The IRS summons in this case ordered Mr. Clark to produce documents and to provide testimony about the tax years in question. The Fifth Amendment undoubtedly applies to compelled testimony sought during the course of an IRS investigation. As the Second Circuit has explained, "even a routine tax investigation is a situation in which answers to questions by an IRS agent might tend to incriminate, and thus Fifth Amendment rights apply to such answers." *United States v. Fox*, 721 F.2d 32, 33 (2d Cir. 1983); *see also United States v. Edgerton*, 734 F.2d 913, 919-20 (2d Cir. 1984).

By contrast, the Fifth Amendment privilege against self-incrimination generally does not apply to incriminating documents; instead, it applies only to "*testimonial communication* that is incriminating." *Fisher v. United States*, 425 U.S. 391, 408 (1976) (emphasis added). This is true

whether the documents at issue were prepared by Mr. Clark's accountant, *see Fisher*, 425 U.S. at 409, or whether they are Mr. Clark's own personal records, *see In Re: Grand Jury Subpoena Duces Tecum*, 1 F.3d 87, 90 (2d Cir. 1993) ("While we have previously left undecided the question of whether the Fifth Amendment protects the contents of private papers that are not business documents, we now rule that it does not.") (citations and quotation marks omitted)); *see also United States v. Doe*, 465 U.S. 605, 612 n.10 (1984) ("If the party asserting the Fifth Amendment privilege has voluntarily compiled the document, no compulsion is present and the contents of the document are not privileged.").

Even though the contents of a document may not be privileged, the Fifth Amendment does protect the "'communicative aspects of the act of production.'" *United States v. Fox*, 721 F.2d 32 36 (2d Cir. 1983) (citing *Fisher*, 425 U.S. at 410)). In other words, in some cases, the mere act of producing a document might compel incriminating testimony. Compliance with a summons

> may require 'incriminating testimony' in two situations: (1) If the existence and location of the subpoenaed documents are unknown to the government, then the taxpayer's compelled production of those documents 'tacitly concedes the existence of the papers demanded and their possession or control by the taxpayer'; and (2) where the taxpayer's production of documents may 'implicitly authenticate' the documents.

*Fox*, 721 F.2d at 38; *see also In Re Grand Jury Subpoena*, 256 Fed. App'x 379, 381 (2d Cir. 2007). However, there is an important exception to the "communicative aspects" doctrine when the documents in question are "required records." *See In re Two Grand Jury Subpoenae Duces Tecum*, 793 F.2d 69, 73 (2d Cir. 1986) ("[T]he [required records] exception overrides the privilege against self-incrimination in situations in which the privilege would otherwise apply; that is, even if the compelled act of producing the required records might be testimonial and incriminating."). To

constitute "required records," a document must satisfy a three-part test: "(1) the requirement that they be kept must be essentially regulatory, (2) the records must be of a kind which the regulated party has customarily kept, and (3) the records themselves must have assumed 'public aspects' which render them analogous to public documents." *In re Doe*, 711 F.2d 1187, 1191 (2d Cir. 1983) (citing *Grosso v. United States*, 390 U.S. 62, 67-68 (1968)). Courts in the Second Circuit have held that "required documents" include "W-2 forms, 1099 statements, tax returns, and employee earnings statements." *United States v. Barile*, No. 1:06-MC-137, 2007 WL 3534261, at * 3 (N.D.N.Y Nov. 2, 2007); *see also In re Doe*, 711 F.2d at 1191 ("We have little difficulty applying the required records exception to the W-2 and Schedule II prescription forms."); *United States v. Edgerton*, 734 F.2d 913, 918 (2d Cir. 1984) ("There is precedent for holding that W-2s and Forms 1099 are required records.").

The difficulty presented by Mr. Clark's position in this case– and it is one that Magistrate Judge Margolis noted – is that he has utterly failed to provide the Court with any indication of the particular documents or questions to which he specifically objects on Fifth Amendment grounds. As the Second Circuit has stated, "[a] witness is not exonerated from answering [a question or from producing a document] merely because he declares that in so doing he would incriminate himself – his say-so does not of itself establish the hazard of incrimination. It is for the court to say whether his silence is justified." *Fox*, 721 F.2d at 40; *see also Estate of Fisher v. Commissioner*, 905 F.2d 645, 649 (2d Cir. 1990). And the danger of self-incrimination must be real, not remote or speculative. *See id.*

Therefore, an individual who wishes to assert his Fifth Amendment right against self-incrimination cannot make a "blanket claim of privilege." *See United States v. Cianciulli*, No.

M-18-304, 2001 WL 1097919, at * 3 (S.D.N.Y. Sept. 19, 2001); *see also United States v. Argomaniz*, 925 F.2d 1349, 1353 n.8 (11th Cir. 1991) ("[A] blanket claim of self-incrimination will not be successful in a civil IRS investigation."); *United States v. Schmidt*, 816 F.2d 1477, 1482 (10th Cir. 1987) ("Appellants' generalized fear of criminal prosecution for a violation of the tax laws is an insufficient basis for asserting a blanket claim of the Fifth Amendment privilege in refusing to produce any of the documents requested by the summonses"). Instead, "to properly invoke the privilege, the taxpayer must comply with the summons by appearing and by asserting the privilege on a document-by-document basis." *Muratore v. Dep't of the Treasury*, 315 F. Supp. 2d 305, 310 (W.D.N.Y 2004); *see also Rogers v. United States*, 340 U.S. 367, 374 (1951) ("As to each question to which a claim of privilege is directed, the court must determine whether the answer to that particular question would subject the witness to a real danger of . . . incrimination."); *United States v. Van Rossem*, 164 F.3d 620, 620 (2d Cir. 1998) ("The privilege against self-incrimination extends only to answers that would support a criminal prosecution, and Van Rossem failed to specify questions as to which he claimed the answers would incriminate him. The district court properly heard and rejected his claims."); *Barile*, 2007 WL 3534261, at * 3 ("To receive the protection of this privilege, Respondent is directed to (1) describe each document and question he refuses to answer and produce each document and answer each question in an in camera proceeding."); *Cianciulli*, 2001 WL 1097919, at * 3 ("A taxpayer asserting the Fifth Amendment may not rely on a blanket claim of privilege, but must assert his or her claim in the context of specific questions and on a document-by-document basis."); *Litton Indus. Inc. v. Lehman Bros. Kuhn Loeb Inc.*, 734 F. Supp. 1071, 1081 (S.D.N.Y. 1990) ("In considering whether to compel [the witness] to testify, the magistrate could not accept a blanket assertion of the fifth amendment privilege but was required to

undertake a particularized inquiry to determine whether the assertion was founded on a reasonable fear of prosecution as to each of the questions posed."); *United States v. Allee*, 888 F.2d 208, 212 (1st Cir. 1989) ("The recipient of a summons properly must appear . . . and claim the privilege on a question-by-question and document-by-document basis.").

As Magistrate Judge Margolis found, Mr. Clark did not appear as required by the summons and he did not assert his Fifth Amendment privilege on a document-by-document or question-by-question basis. Instead, in his Motions to Dismiss, he made a blanket assertion of the Fifth Amendment privilege, which makes it impossible for the Court determine whether there is any merit to his assertion of the privilege. Therefore, the Court adopts Magistrate Margolis' recommended ruling, denies Mr. Clark's Motions to Dismiss, and requires Mr. Clark to comply with the IRS summons. Mr. Clark may assert his Fifth Amendment privilege on a document-by-document or question-by-question basis, but he must justify his assertion of the privilege in each case. Any documents that are not privileged, such as records falling under the "required records" exception, must be disclosed immediately without any further delay on the part of Mr. Clark. Disputes concerning Mr. Clark's assertion of the privilege will be resolved by Magistrate Judge Margolis, who may conduct an *in camera* review of the answers to specific questions and documents which Mr. Clark claims are privileged. *See, e.g.*, *Cianciulli*, 2001 WL 1097919, at * 3.

**III.**

Turning now to Mr. Clark's other motions, the Court grants in part and denies in part Mr. Clark's Motion to Appear before a Constitutional Article III Court [doc. # 40] and grants in part and denies in part his Motion for Proper Constitutional Ruling by a Constitutional Article III Court and Article III Judge on All Previously Denied Motions and on All Future Motions and Rulings by

Gordon A. Clark [doc. # 55]. On the Motion to Appear before a Constitutional Article III Court [doc. # 40], the Court grants the motion to the extent Mr. Clark seeks review of Magistrate Judge Margolis' recommended ruling on his Motions to Dismiss. As should be abundantly clear from the Court's decision, the Court has engaged in a thorough and searching *de novo* review of Magistrate Judge Margolis's ruling and enforcement order. The Court denies Mr. Clark's motion to the extent he requests a hearing before the Court. There is no constitutional or statutory right to a hearing when a federal district judge reviews a decision or recommended ruling by a Magistrate Judge. *See* 28 U.S.C. § 636(b)(1)(C) (In reviewing a magistrate judge's recommended ruling, "[t]he judge *may* also receive further evidence."); *United States v. Raddatz*, 447 U.S. 667, 674 (1980) ("It should be clear that . . . the statute calls for a *de novo* determination, not a *de novo* hearing."); *id.* at 680 ("We conclude that the due process rights claimed here are adequately protected by 28 U.S.C. § 636(b)(1)."). The Court does not believe that a hearing is necessary for the Court to reach a just resolution of the issues in this case.

On Mr. Clark's Motion for Proper Constitutional Ruling by a Constitutional Article III Court and Article III Judge on All Previously Denied Motions and on All Future Motions and Rulings by Gordon A. Clark [doc. # 55], the Court grants the motion to the extent that Mr. Clark asks the Court to consider and rule on Mr. Clark's Motions to Dismiss. The Court denies Mr. Clark's motion to the extent he seeks a ruling from this Court on the other motions that Magistrate Judge Margolis previously decided. In 28 U.S.C. § 636(b)(1)(A), "Congress provided that a district court judge can designate a magistrate to hear and determine any pretrial matter pending before the court, except certain dispositive motions." *Raddatz*, 447 U.S. at 673; *see also* 28 U.S.C. § 636(b)(1)(A). In the case of dispositive motions, including motions to dismiss, a magistrate judge "has no authority to

make a final and binding disposition." *Raddatz*, 447 U.S. at 673, but may "submit to a [federal district judge] proposed findings of fact and recommendations," 28 U.S.C. § 636(b)(1)(B), which the federal district judge must then review *de novo*. *See* 28 U.S.C. § 636(b)(1)(B) ("A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations."). In all other cases, the district judge "*may* reconsider," but is not required to reconsider, the magistrate judge's decision "where it has been shown that the magistrate's [magistrate judge's] order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). In *Raddatz*, the Supreme Court held that this delegation of authority to a magistrate judge was constitutionally permissible under Article III. *Raddatz*, 447 U.S. at 682 (stating that the "delegation [in 28 U.S.C. § 636] does not violate Art. III"). Here, the Court finds nothing in Magistrate Judge Margolis' rulings on Mr. Clark's preliminary, non-dispositive motions that is "clearly erroneous or contrary to law." Therefore, there is no occasion for this Court to reconsider those rulings.

## V.

For the foregoing reasons, the Court **ADOPTS** Magistrate Judge Margolis' Ruling Denying Motion to Dismiss [doc. # 32] in its entirety. Furthermore, for the reasons stated, the Court **GRANTS IN PART** and **DENIES IN PART** Mr. Clark's Motion to Appear before a Constitutional Article III Court [doc. # 40] and his Motion for Proper Constitutional Ruling by a Constitutional Article III Court and Article III Judge on All Previously Denied Motions and on All Future Motions and Rulings by Gordon A. Clark [doc. # 55]. The U.S. Attorney's Office is directed to file a proposed enforcement order no later than **September 5, 2008.**

IT IS SO ORDERED.

/s/   Mark R. Kravitz
United States District Judge

**Dated at New Haven, Connecticut: August 29, 2008.**